■ In the Matter of VICTOR ZIMET et al., Appellants, v. TEACHERS' RETIREMENT BOARD et al., Respondents.— Judgment, Supreme Court, New York County, entered September 12, 1972, dismissing the petition, affirmed, without costs and without disbursements. Each petitioner in this proceeding was employed by both the Department of Parks and the Board of Education. Such dual employment is permitted. Each petitioner also joined the New York City Employees' Retirement System. At a later date, while still dually employed, and while still members of the first retirement system, each of the petitioners joined the Teachers' Retirement System. Both retirement plans are funded by the City of New York. Section B3–3.0 of the Administrative Code of the City of New York provides that when a person joins one retirement system provided by the city, he must waive and renounce " all present and prospective benefits provided wholly or partly by the city through any other retirement system or pension fund ". When it was found that the petitioners were enrolled in two retirement systems, each was required to withdraw from the Teachers' Retirement System, since that was the one which they joined last. It is implicit in the language of the Administrative Code provision that joining one city retirement system automatically bars joining another system subsequently and remaining a member of both. The text of the waivers concededly signed by each petitioner, when initially joining the first retirement system, provided, in pertinent part, that " I [meaning each individual petitioner] am not entitled to share in ° ° ° Teachers' Retirement System ° ° ° In order that I [meaning each individual petitioner] may enjoy the privileges provided by the law for members and their beneficiaries, I hereby waive and renounce all present and prospective benefits provided wholly or partly by or at the expense of the City of New York through any other retirement system or pension fund." Signing of this waiver in effect amounted to an election on the part of the petitioners. They cannot now be heard to complain. Concur — Stevens, P. J., Nunez, Murphy and Lane, JJ.; Kupferman, J., dissents in the following memorandum: The petitioners work for the Department of Parks at night and for the Board of Education by day. No issue is raised as to any conflict due to the dual employment. The only question is membership in the pension systems and the concomitant property right. The petitioners, when they commenced employment with the Department of Parks of the City of New York, became members of the New York City Employees' Retirement System and signed statements that, among other things, they are not entitled to share in " The Teachers' Retirement System or the Board of Education Retirement System ". Further, they waived and renounced " all present and prospective benefits provided wholly or partly by or at the expense of the City of New York through any other retirement system or pension fund." Section

B3–3.0 of the New York City Administrative Code provides that membership in the New York City Employees' Retirement System consists of those who renounce benefits in any other system where benefits come through the city. When the petitioners later became employees of the Board of Education, they joined that affiliated retirement system. This was in contravention of the statement originally filed by them. However, it took several years before anyone realized this, and finally the Teachers' Retirement Board canceled their membership in that system. Obviously, the law is clear, and the petitioners in the statement they signed acknowledged, that they cannot have double retirement benefits. However, where I differ with my colleagues is in that they would confine the petitioners to the system they joined first, while believe they should have the right of election, or an option to choose, and they hav ɔ ll chosen the Teachers' Retirement System. The Administrative Code does not prevent this, but merely limits membership in the Employees' Retirement System to those who renounce the others. To the extent that a renunciation statement was signed, it merely confirms the exclusivity of one system against another, and if greater meaning is read into it, it is denial of due process. (See *Perry* v. *Sinderman,* 408 U. S. 593; *Board of Regents* v. *Roth,* 408 U. S. 564.)